UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GANAHL,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | ) Case No. SA CV 13-1613-PJW<br>)<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

## I.  INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  He claims that the Administrative Law Judge ("ALJ") erred when he found that Plaintiff was not credible and when he relied on the Grids to conclude that Plaintiff was not disabled.  For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

## II.   SUMMARY OF PROCEEDINGS

In December 2010, Plaintiff applied for SSI and DIB, alleging that he had been unable to work since April 2010, due to a number of problems, including a torn rotator cuff, low back pain, carpal tunnel syndrome, peripheral neuropathy, and a psychiatric disorder.  (Administrative Record ("AR") 36-42, 121-33, 169.)  The Agency denied the applications initially and on reconsideration.  (AR 69-73, 77-81.)  Plaintiff then requested and was granted a hearing before an ALJ.  (AR 84-86.)  On April 3, 2012, he appeared with counsel and testified at the hearing.  (AR 33-54.)  The ALJ subsequently issued a decision denying benefits.  (AR 19-28.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-3.)  He then commenced this action.

## III.   ANALYSIS

A. The Credibility Finding

Plaintiff testified that he was unable to work because of pain throughout his body, especially in his shoulder, hands, and back.  The ALJ discounted that testimony because he found that it was inconsistent with the medical record, Plaintiff's treatment history was minimal and included gaps, and Plaintiff's daily activities undermined his testimony.  (AR 24-26.)  Plaintiff argues that these reasons were insufficient to support the ALJ's credibility finding.  For the following reasons, the Court disagrees.

ALJs are tasked with judging the credibility of witnesses, including the claimants.  In making credibility determinations, they may rely on ordinary credibility evaluation techniques.

*Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Where, however, a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the alleged symptoms and there is no evidence of malingering, the ALJ can only reject the testimony for specific, clear, and convincing reasons, *id.* at 1283-84, that are supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Citing to the bottom of page seven and the top of page eight of the ALJ's decision (AR 25-26), Plaintiff argues that the finding that Plaintiff's testimony was undermined by the medical record was not specific enough to withstand scrutiny. (Joint Stip. at 10-12.) As Plaintiff points out, generalized findings are frowned upon and ALJs are expected to specify which statements the ALJ does not believe and why. (Joint Stip. at 11.) Upon closer examination of the ALJ's decision, the court finds that it is adequate to support his decision.

Beginning on page six of the decision (AR 24), the ALJ set out Plaintiff's claims, i.e., that he was unable to work because of joint pain and orthopedic issues and that he needs to move around. The ALJ then went into great detail about why these claims were undermined by the medical record. (AR 24-25.) For example, he noted that x-rays and MRIs showed minimal abnormalities. (AR 24.) He pointed out that Plaintiff's doctor had found that Plaintiff's radial pulses were good, his peripheral nerves were intact, and he had full range of motion. (AR 24.) The ALJ also noted that the examining orthopedist reported that Plaintiff had a normal gait, was able to walk on

his heels without difficulty, showed no evidence of weakness, and his range of motion was within normal limits. (AR 25.) The ALJ's discussion over these two pages was more than adequate to satisfy the specificity requirements.

The ALJ also questioned Plaintiff's testimony of disabling pain because his treatment was somewhat conservative and because there were gaps in it. Plaintiff does not seem to contest this finding. (Joint Stip. at 10-17.) And the medical record supports it. Though Plaintiff had surgery on his wrist to relieve pain there, his treatment of his other allegedly disabling ailments was minimal, at best. The record also demonstrates that there were periods when he was not undergoing any treatment at all, which undermines his claim of disabling pain. The fact that Plaintiff's treatment was conservative and sporadic is a legitimate reason to question his testimony that he suffered from extreme pain. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."); *see also Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (affirming ALJ's finding that gap in medical treatment undermined claimant's testimony of debilitating pain).

Finally, the ALJ found that Plaintiff's daily activities, including doing chores around the house and helping take care of his children, suggested that he was not as disabled as he claimed. (AR 26.) Here, the Court sides with Plaintiff. There was nothing about those limited activities that suggests that Plaintiff could sustain full-time work. As such, the Court

4

rejects this justification for questioning Plaintiff's testimony.

The Court then is left with two reasons supporting the ALJ's credibility finding and is tasked with determining whether they are sufficient to uphold that finding. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding error by ALJ in credibility determination is harmless "[s]o long as there remains substantial evidence supporting the ALJ's conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion."). The Court concludes that they are. The fact that the medical evidence did not support Plaintiff's claims and in some instances contradicted it is substantial evidence supporting the ALJ's credibility finding. So, too, is the fact that Plaintiff's treatment was minimal and that there were stretches when he did not receive any treatment. For these reasons, the ALJ's credibility finding is affirmed.

B. The ALJ's Use of the Grids

The ALJ found that Plaintiff had the residual functional capacity to perform medium work provided it involved no more than frequent kneeling, climbing, stooping, bending, fingering, and reaching overhead with his right arm. (AR 23.) The ALJ concluded that these limitations had little or no impact on the occupational base for medium work and that, therefore, he could rely on the Medical Vocational Guidelines (20 C.F.R. Part 404, Subpart P, Appendix 2, or "Grids") to determine whether Plaintiff was disabled under the regulations. (AR 27.) Applying the Grids, he found that Plaintiff could work.

1    Plaintiff takes exception to this finding.  He contends
that his limitation to only frequent kneeling, climbing,
stooping, bending, and fingering significantly impacts his
ability to perform medium work and, therefore, the ALJ should
not have used the Grids.  Plaintiff argues that the ALJ should
have, instead, consulted a vocational expert.  (Joint Stip. at
4-6.)

An ALJ may rely on the Grids if they "*completely and accurately* represent a claimant's limitations . . . . In other words, a claimant must be able to perform the *full range* of jobs in a given category." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (emphasis in original).  The Grids cannot be used if a claimant has a severe, non-exertional limitation that would significantly limit the range of work that he could perform.  *See*, *e.g.*, *Thomas*, 278 F.3d at 960 (holding vocational expert must be consulted when Grids do not "adequately take into account claimant's abilities and limitations").

The question presented here is whether Plaintiff's non-exertional limitations, i.e., limited to only frequently kneeling, climbing, stooping, bending, and fingering, significantly limit the range of work that he can do.[1]  The ALJ

---

[1] Postural and manipulative movements, like fingering, stooping, crouching, crawling, kneeling, and climbing, are considered non-exertional under Social Security law.  *See* Social Security Ruling ("SSR") 83-10; SSR 83-14; 20 C.F.R. Part 404, Subpart P, App. 2, Section 200.00(e); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006) (defining postural and manipulative limitations such as reaching, handling, stooping, climbing, crawling, or crouching as non-exertional); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 579 (9th Cir. 1988) (Pregerson, J., concurring).  Exertional activities, on

concluded that they did not, citing SSRs 83-14 and 85-15. The Court has read and considered both rulings as well as numerous cases within and without the Circuit addressing this issue and cannot find, as the ALJ has here, that Plaintiff's limitations would not significantly impact the job base for medium work. Though it seems clear from SSR 85-15 that most medium jobs contemplated by Grid Rules 203.00-203.31 require only frequent lifting, stooping, kneeling, crouching, and crawling, it is not clear how such a limitation would impact the remainder of the jobs included in this Grid rule. In fact, SSR 83-14 warns that "any limitation on these functional abilities must be considered very carefully to determine its impact on the size of the remaining occupational base of a person who is otherwise found capable of medium work." The ALJ has not set out in his decision what his considerations were in concluding that Plaintiff's limitations would not impact the occupational base.

    Further, as SSR 85-15 explains, fingering is needed to perform most unskilled sedentary jobs as well as some skilled and unskilled jobs at all levels. And, according to SSR 83-14, manual dexterity is necessary for all unskilled sedentary jobs. The Grid rules for medium work that the ALJ used in this case include approximately 1800 light and sedentary jobs. SSR 83-14. It is not clear from the ALJ's decision how many of these jobs would be impacted by Plaintiff's limitation on fingering.

    For these reasons, the Court is compelled to reverse the ALJ's decision and to remand the case for further proceedings.

---

the other hand, are sitting, standing, walking, lifting, carrying, pushing, and pulling. SSR 83-10.

On remand, the ALJ should either articulate why Plaintiff's non-exertional limitations do not impact the job base under the Grids or call a vocational expert to offer an opinion as to whether a prospective worker with Plaintiff's limitations could work. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (explaining vocational expert required when claimant suffers from significant non-exertional limitations not taken into account by the Grids).

## IV. CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED: July 30, 2014

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\GANAHL, 1613\Memorandum Opinion and Order.docx